Merrill A. JORGENSON, Relator,

v.

NOVAK–FLECK, INC. and Regent Insurance Company/General Casualty Company, Respondents.

No. C1–01–1575.

Supreme Court of Minnesota.

Feb. 7, 2002.

David C. Wulff, Roseville, for Relator's Attorney.

Kyle T. Kustermann, Aafedt, Forde, Gray & Monson, P.A., Minneapolis, for Respondent Attorney, Novak–Fleck, Inc.

Patrick T. Grove, Aafedt, Forde, Gray & Monson, P.A., Minneapolis, for Respondent Attorney, Regent Insurance.

## OPINION

RUSSELL A. ANDERSON, Justice.

By writ of certiorari employee-relator Merrill A. Jorgenson seeks review of a decision of the Workers' Compensation Court of Appeals reversing, by panel majority, an award of attorney fees. We reverse and reinstate the award.

Jorgenson sustained a compensable neck and back injury in 1994 while working for Novak–Fleck, Inc. The employer and its workers' compensation liability carrier on risk for that injury, Heritage Mutual Insurance Company (Heritage), apparently accepted liability and paid certain medical expenses. In 1996, Heritage informed the employee's medical providers that further medical expenses would no longer be paid voluntarily, relying on expert medical opinion that the work-related

injury had resolved and that further disability was due to a preexisting condition. In February 1997, the employee filed a claim petition, seeking permanent partial disability benefits and payment for chiropractic care related to his 1994 injury. The compensation judge denied the claim and also Heritage's claim that a second injury had occurred for which it was owed contribution and/or reimbursement from the employer's subsequent carrier, Regent Insurance Company. No appeal was taken from that decision.

The employee retained attorney David C. Wulff in February 2000, and Wulff filed a claim petition on the employee's behalf in March 2000, alleging that the employee was entitled to payment of chiropractic bills totaling $898.09 plus interest and reimbursement for associated medical mileage of approximately $20 relative to a claimed neck and back injury of April 23, 1998. There was no other claim. The employer and Regent denied primary liability on the grounds that the employee's cervical complaints preexisted any alleged work injury. The employer and insurer did not assert that the employee had failed to obtain certification of the dispute. Shortly thereafter, the parties entered into a settlement which provided (1) that the chiropractor would receive 80% of the fee scheduled amount, $567.06; (2) that the employee would receive $100 for out-of-pocket medical mileage or other claims;

and (3) that the injury of April 23, 1998, was a temporary aggravation of the employee's prior injury or preexisting conditions. The settlement agreement provided that it did not cover attorney fees and that Wulff would file a separate petition for attorney fees.

When Wulff petitioned for attorney fees of $1,505, the employer and insurer asserted that the claim was barred by the certification requirements of Minn.Stat. § 176.081, subd. 1(c) (2000).[1] The compensation judge determined that because primary liability had been disputed by the employer and insurer, the certification procedure did not apply. The WCCA reversed by 2–1 decision, concluding that certification was required.

Attorney fees may be awarded only on genuinely disputed claims or portions of claims. Minn.Stat. § 176.081, subd. 1(c). If there is no other litigation pending at the Department of Labor and Industry or at the Office of Administrative Hearings in which the employee is represented by an attorney, attorney fees may not be charged for "services with respect to a medical or rehabilitation issue * * * performed before the employee has consulted with the department and the department certifies that there is a dispute and that it has tried to resolve the dispute." *Id.* As the WCCA majority observed, the "apparent intent" of the dis-

---

1. Minn.Stat. § 176.081, subd. 1(c), provides in pertinent part as follows:

Allowable fees under this chapter shall be based solely upon genuinely disputed claims or portions of claims, including disputes related to the payment of rehabilitation benefits or to other aspects of a rehabilitation plan. The existence of a dispute is dependent upon a disagreement after the employer or insurer has had adequate time and information to take a position on liability. Neither the holding of a hearing nor the filing of an application for a hearing

alone may determine the existence of a dispute. Except where the employee is represented by an attorney in other litigation pending at the department or at the office of administrative hearings, a fee may not be charged after June 1, 1996, for services with respect to a medical or rehabilitation issue arising under section 176.102, 176.135, or 176.136 performed before the employee has consulted with the department and the department certifies that there is a dispute and that it has tried to resolve the dispute.

pute certification process is "the prompt and economical resolution of medical and rehabilitation disputes without the need for attorney involvement." *Jorgenson v. Novak–Fleck, Inc.*, 2001 WL 1255890, at *3 (Minn. WCCA Aug. 31, 2001). We also agree that this process is not "a mere technicality that may be ignored." *Id.* at *4. But the department has no jurisdiction to determine primary liability issues. Minn.Stat. § 176.106, subd. 8 (2000).[2] Inasmuch as the department has no jurisdiction to resolve a dispute when the employer and insurer deny primary liability, certification is superfluous. Moreover, it would be inequitable to deny fees when the employer and insurer do not raise the issue in response to what they believe to be a claim requiring certification. We therefore reverse the WCCA and reinstate the decision of the compensation judge and the award based thereon.

Reversed and compensation judge's award reinstated.

Employee is awarded $600 in attorney fees.

---

**2.** Minn.Stat. § 176.106, subd. 8 provides that, "[t]he commissioner does not have authority to make determinations relating to medical or rehabilitation benefits when there is a genuine dispute over whether the injury initially arose out of and in the course of employment, except as provided by section 176.305." Typically, in medical disputes the employee or insurer initiates the claim process with a "medical request form." *See* Minn. R. 5220.2620. Because the department has no jurisdiction over primary liability issues, when a medical request form is "mistakenly filed in a case in which initial issues of liability exist," the department will refer the matter for a settlement conference before a workers' compensation division judge, or advise the requesting party to file a claim petition or take other appropriate measures. *Id.* at subp. 5.